### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### FEBRUARY TERM, 1870, AT ST. JOSEPH.

ALEXANDER PETERSON *et al.*, Respondents, *v.* WM. T. WHEELER, Appellant.

1. *Bills and notes — Part payment — Promise to pay remainder — Accord and satisfaction.*—Part payment on a note coupled with a promise to pay the remainder on request, where the note itself was neither paid, canceled or surrendered, and no agreement was entered into on the one side either to surrender or release it, and no offer was made, on the other, to pay the balance due, amounted merely to an executory accord, and constituted no bar to suit on the note for the balance; nor would the fact that the transaction was in writing vary the result.

### *Appeal from Sixth District Court.*

*Hereford & Foote*, for appellant.

*L. E. Carter*, for respondents.

I. Any collateral agreement between the parties to the suit, which is not executed, is no defense to the notes sued on, and an acceptance of the performance of such agreement by plaintiff is necessary to its existence. (3 Blackst. 15, and notes; 2 Pars. on Cont. 681; Chitty on Cont. 760; 2 Starkie on Ev. 15; 2 T.

24—VOL. XLV.

R. 24; Edw. on Bills, 579; 23 Wend. 343; 19 Wend. 408–516; 6 Wend. 390; 16 Johns. 86; 5 Johns. 386.)

II. There was no release nor good accord and satisfaction set up in defendant's answer. (5 East. 230; 26 Maine, 88; Edw. on Bills, 538; Story on Prom. Notes, 404–26; 23 Pick. 473; 3 Blackst. 15, and notes; 2 Pars. on Cont. 681; Chitty on Cont. 76; 2 Starkie on Ev. 15.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs sue on five promissory notes aggregating $285, exclusive of interest. The defendant alleges substantially, in the way of defense, that he accounted with the plaintiffs concerning these notes and the payments thereon, and that, upon such accounting, it was found that he owed them $250; that he thereupon paid $50, and promised to pay the balance on request; that such accounting was in full satisfaction of said notes, and that it was so accepted at the time by the plaintiffs. The fifty dollar payment and a promise to trade with the plaintiffs for the three next ensuing years are alleged as inducements to the settlement, and it is also alleged that the accounting was reduced to writing and signed by the plaintiffs. These facts do not constitute a bar to the action. The notes are not alleged to have been either paid, canceled, or surrendered; nor is it averred that there was any agreement for their surrender or release, or that the defendant has either paid or offered to pay the acknowledged balance against him. The answer seems to have been framed upon the theory of an accord and satisfaction; but the facts alleged merely show an accord without satisfaction, and without even a tender of satisfaction. The allegations on this point go no further than to assert a readiness to pay the agreed balance on demand. The transaction set out in the answer, at most, amounts to an executory accord, and that constitutes no bar to a suit brought to recover the original indebtedness. (See Brooklyn Bank v. De Graw, 23 Wend. 341, and the authorities cited in the opinion of the court.) The circumstance that the "accounting" was in writing does not vary the result. The statute of frauds is not in question. The defendant's counsel have endeav-

ored to put the case on the ground that the facts alleged constituted a release of the original indebtedness, and cited some authorities; but the authorities cited give no support to that view of the subject.

At the trial the sufficiency of the answer was drawn in question by the instructions and by objections to the defendant's evidence, which instructions and objections are based upon the theory that the facts stated in the answer do not constitute a bar to the suit. Instructions were given and refused, and objections to evidence overruled, upon an opposite theory, and therein the court, in my opinion, committed error.

The other judges concurring, the judgment will be reversed and the cause remanded.