C. C. ANDREWS, Appellant, v. W. R. STUBBS CONTRACTING COMPANY, Respondent.

Kansas City Court of Appeals, June 8, 1903.

Account Stated: ACCEPTANCE OF BALANCE: DISCHARGE. Plaintiff sent a statement of account to defendant; defendant thereupon rendered a statement deducting a certain amount and inclosing a check for the balance with a letter stating that sum was the balance in full as per attached statements; plaintiff accepted and cashed the check. *Held*, the account was thereby settled and discharged.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Meservey, Pierce & German* for appellant.

(1) The receipt and cashing of the check for six thousand seven hundred and twenty-eight and ten-hundredths ($6,728.10) dollars by plaintiff was not an accord and satisfaction of the entire debt and does not preclude a recovery in this case. Freiermuth v. McKee, 86 Mo. App. 64; Reinhold v. Kerrigan, 85 Mo. App. 256; School Board ex rel. v. Hull, 72 Mo. App. 403; Dalrymple v. Craig, 70 Mo. App. 149; Wetmore v. Crouch, 150 Mo. 671; Dalrymple v. Craig, 149 Mo. 345. (2) In support of our position we cite the following authorities. Jarrett v. Morton, 44 Mo. 275; Riley v. Kershaw, 52 Mo. 224; Dalrymple v. Craig, 149 Mo. 345; Wetmore v. Crouch, 150 Mo. 671; Perkins v. Headly, 49 Mo. App. 556; Dry Goods Co. v. Goss, 65 Mo. App. 55; Dalrymple v. Craig, 70 Mo. App. 149;

Bridge Co. v. Murphy, 13 Kan. 35; Warren v. Skinner, 20 Conn. 559; Curran v. Rummell, 118 Mass. 482; Brake Co. v. Prosser, 88 Hun 343; Pennell v. Bucki, 84 Hun 432; Bright v. Coffman, 15 Ind. 371; Fuller v. Kemp, 138 N. Y. 231; Myers v. Green, 51 N. E. (Ind.) 942; Glass Co. v. Daley, 52 N. E. 633. (3) The language of defendant's letter of October 2, 1901, is not sufficient upon which to base a plea of accord and satisfaction. Curran v. Rummell, 118 Mass. 482; Pennell v. Bucki, 84 Hun 432; Implement Works v. White, 59 Ill. App. 171; Fuller v. Kemp, 138 N. Y. 231; Tompkins v. Hill, 145 Mass. 379; Widner v. Tel. Co., 16 N. W. 652; Beckman v. Birchard, 67 N. W. 784; Brigham v. Dana, 29 Vt. 1; Preston v. Grant, 34 Vt. 201; Pottlitzer v. Wessen, 8 Ind. App. 472.

*Elijah Robinson, Harris Robinson* for respondent.

(1) The fact that defendant claimed that he was entitled to a deduction from plaintiff's account on account of damage he had sustained by reason of plaintiff not shipping him the quantity of oats contemplated by his contract, raised a controversy between them, and made plaintiff's claim a "disputed," instead of an "undisputed," claim. Coal Co. v. St. Louis, 145 Mo. 651. (2) Where there is a controversy as to the amount due from one party to another and the debtor tenders a certain amount in full payment of what he concedes to be due, the creditor must either accept it in full payment, or reject it; and by accepting it, he discharges the claim. Adams v. Helm, 55 Mo. 468; Deutmann v. Kilpatrick, 46 Mo. App. 624; Moore v. Trust Co. et al., recently decided by Supreme Court of this State, and not yet reported.

ELLISON, J.—This is an action on an account for oats sold by the plaintiff to the defendant. At the close of plaintiff's case the trial court sustained a demurrer

to the evidence, and judgment was rendered for defendant.

It appears that defendant bought of plaintiff, delivered at different times, a number of car loads of oats. The price of oats advanced fifteen cents per bushel and defendant asserted that thereafter plaintiff delivered seven car loads which were short the number of bushels they should have contained. Plaintiff sent to defendant a statement of his account showing balance due of $7,360.80. Defendant thereupon deducted therefrom the sum of $632.70 and enclosed to plaintiff a check for $6,728.10, with a letter stating that that sum was the "balance in full of account as per attached statements." The letter informed plaintiff that defendants had deducted $632.70 from the account which he had rendered, giving as a reason for such deduction, the shortage aforesaid, which, at fifteen cents per bushel, made the amount deducted. Plaintiff received the check and drew the money thereon.

From the foregoing it is apparent that the trial court's action in sustaining the demurrer to the evidence for plaintiff was correct. Defendants' claim of damages to be deducted from the amount of the account claimed by plaintiff made it a disputed account. Pollman Coal Co. .v. St. Louis, 145 Mo. 651. And when defendant inclosed its check as balance in full, accompanied by a statement showing such to be a balance in full, as explained in such statement, and plaintiff accepted such check, drawing the money thereon, he thereby accepted the condition of its being in full settlement and discharge of the account. St. Joseph School Board v. Hull, 72 Mo. App. 403, and cases cited; and such was declared to be the law by Judge GANTT in Pullman Coal Co. v. St. Louis, supra.

The judgment is affirmed. All concur.