## Canton Union Coal Company v. Parlin & Orendorff Company.

1. ACCORD AND SATISFACTION—*what constitutes.* When a party makes an offer of a certain sum to settle an unliquidated claim and attaches thereto the condition that the same, if accepted at all, must be received in full satisfaction of the claim in dispute, and the other party receives the money, he does so subject to the condition attached, and an accord and satisfaction is established. But in such case the proof must be clear and unequivocal that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered in case he did not assent to the condition upon which it was offered.

GEST, J., dissenting.

Action of assumpsit. Appeal from the Circuit Court of Fulton County; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed January 6, 1905.

CHIPERFIELD & CHIPERFIELD, for appellant.

LUCIEN GRAY, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in assumpsit by appellant against appellee to recover for coal sold and delivered. The declaration consists of the common counts, to which were interposed a number of pleas, including that of accord and satisfaction. At the close of all the evidence, under the instructions of the court, the jury returned a verdict for the defendant. Judgment was entered thereon in bar of the action, to reverse which plaintiff appeals.

The trial court directed the verdict for the defendant upon the theory that under the facts in evidence, which are uncontroverted, and as a matter of law, a complete accord and satisfaction of the plaintiff's claim was established. The only question presented by the record for our determination is, whether such action of the court was warranted. The following facts are disclosed by the evidence: On July 3, 1902, appellant, by written contract, agreed to furnish appellee with all coal that it might require during the season. At various times during such season, appellee complained to appellant that it was not furnishing coal to meet the requirements of appellee, and on January 9, 1903, wrote a letter to appellant in which it again made complaint of the same nature, and notified appellant that it had been compelled, by reason of such failure, to go into the open market and buy coal from other sources, at higher prices than that named in the contract, and that it would hold appellant responsible for any loss occasioned by its default. Upon July 25, 1903, appellee wrote and mailed to appellant the following letter:

"July 25, 1903.

Canton Union Coal Co.,

Gentlemen: Enclosed please find our check on the First National Bank of Canton, No. 19,348, $470.67, in full of account, together with our statement attached. We also enclose debit memorandum for the difference between contract price, and what we were obliged to pay in open market for coal purchased during the period of the contract with you, on account of your failure to supply our requirements according to such contract. You will also find en-

closed credit memorandum for coal received during July, for which you have furnished no invoice.   Please acknowledge receipt and oblige,

Yours truly,<br>PARLIN & ORENDORFF CO."

Enclosed with the letter were the credit memorandum, debit memorandum, statement of account, and the check for $470.67.

Upon receipt of such letter and enclosures, one Simmons, bookkeeper for appellant, placed the check in the safe, and at once prepared a statement of appellee's account as shown by appellant's books, upon which he credited the amount of the check, leaving a balance due appellant of $1,460.48. He then took such statement to the office of appellee, where he met Orendorff, its secretary and treasurer.   The testimony of Simmons as to what then occurred, is, in his own words, as shown by the abstract, as follows:

" I went, passed the time of day with Mr. Orendorff; he did with me; I said, ' I have brought a statement for the balance due of our account.'   He said he didn't owe us anything.   I begged his pardon, said he did, and I said, ' Here is a statement of it,' and laid it down before him; took it by the top that way, and said, ' Here is the balance due July 1st, and the cars and amounts shipped in July, and figured at a different price than you have, which amounts to so much, and I have given you credit on account for the check received to-day for $470.67, still leaving a balance due.'   I handed the statement to Mr. Orendorff and said, ' Mail us a check for that,' and he said he didn't owe us anything, and I said, ' You just keep that, it might come handy,' and he said, ' I will file it.'   I then went back to the office, and deposited the check on the same day."

The check, which is in evidence, shows upon its face that it was paid on July 27, 1903.

An accord is an agreement, an adjustment, a settlement of a former difficulty or dispute, and presupposes a difference, a disagreement as to what is right.   A satisfaction, in its legal significance in this connection, is a performance of the terms of accord.   The amount due appellant was

fairly in dispute, and therefore unliquidated. Bingham v. Browning, 197 Ill. 122. The facts in evidence in respect to the alleged accord and satisfaction being undisputed and ascertained, the legal effect of the same is purely a question of law and therefore should not have been submitted to the jury. Ennis v. P. P. C. Co., 165 Ill. 161.

It is a well-settled rule of law that when a party makes an offer of a certain sum to settle a claim, when the sum in controversy is open and unliquidated, and he attaches to his offer the condition that the same, if taken at all, must be received in full satisfaction of the claim in dispute, and the party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction. Ostrander v. Scott, 161 Ill. 339; Lapp v. Smith, 183 Ill. 179; Bingham v. Browning, 197 Ill. 122; Rumsey v. Barber, 78 Ill. App. 88; McDaniels v. Bank, 29 Vt. 230; Preston v. Grant, 34 Vt. 201; Fuller v. Kemp, 138 N. Y. 231; Nassoiy v. Tomlinson, 148 N. Y. 326; Brake Co. v. Prosser, 157 N. Y. 289; Mack v. Miller, 84 N. Y. Sup. 440; Andrews v. Stubbs, 100 Mo. App. 599; Jackson v. Volkening, 80 N. Y. Sup. 1102. But to establish this defense the proof must be clear and unequivocal that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered, in case he did not assent to the condition upon which it was offered. Fuller v. Kemp, *supra*; Preston v. Grant, *supra*.

In Fuller v. Kemp, *supra*, the claim in controversy was unliquidated. The plaintiff had rendered a bill for medical services to the defendant, amounting to $670. In response thereto the defendant wrote him a letter enclosing a check for $400, stating in the letter that it was to be in full satisfaction of the plaintiff's claim, and expressing the hope that upon reflection, the plaintiff would agree that it represented the reasonable value of his services. The plaintiff appropriated the proceeds of the check and sent a bill for the same amount as was the original bill, crediting thereon the amount of the check as part payment, and claiming the

balance as still due. Upon receipt of this communication, the defendant immediately replied that he had sent the check upon condition that it should be received in full payment of the bill; that he could not consent to any other application of it, and that the plaintiff must either keep it upon that condition or return it immediately. To this notification the plaintiff made no reply, retained the proceeds of the check and brought suit to recover the balance of his bill. Under these facts, which were uncontroverted, the court held that the letter of the defendant enclosing the check, although stating that it was in full satisfaction of the plaintiff's claim, nevertheless was not to be treated as a binding condition upon the plaintiff; that by its terms it invited a reply; that had the plaintiff retained the check and made no reply to the letter, it would have operated as a binding agreement upon him that he accepted the check and with it the condition that it was payment in full; that as the plaintiff, however, replied to this letter, such reply operated as notice to the defendant that the plaintiff did not accept the check as payment in full; that if the defendant had made no reply thereto, he would be deemed to have acquiesced in the claim asserted by the plaintiff that a balance was still due; but that his reply notifying the plaintiff that the check was sent upon condition, and that it could be retained only with that obligation attached to it, called upon the plaintiff either to assent to such condition, or immediately return the check; that the subsequent retention of the same operated conclusively, as a matter of law, as a retention of the money, bound by the condition, and that such retention constituted a good accord and satisfaction. The court further held that upon receipt of the last letter, the plaintiff had but a single alternative presented for his action—the prompt restoration of the money to his debtor, or the complete extinguishment of the debt by its retention.

In Nassoiy v. Tomlinson, 148 N. Y. 326, where a claim of the plaintiff against the defendant for commission was in dispute, the defendant enclosed a check for $300, to the

plaintiff, together with a blank receipt reciting that the check was in full, and requesting the plaintiff to sign and return the same. The plaintiff used the check and failed to sign or return the receipt. The court held this to be an accord and satisfaction as to the entire claim of plaintiff. In its opinion the court further says : " The plaintiff cannot be permitted to say that he did not understand that a sum of money offered in full was not, when accepted, a payment in full.  *  *  *  He was bound either to reject the check, or, by accepting it, to accede to the defendant's terms. The money tendered belonged to them, and they had the right to say on what conditions it should be received.  *  *  * The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition, for if he accepted at all, it was *cum onere*."

In Ostrander v. Scott, *supra*, it is held that a creditor to whom a check is sent, reciting that it is in full payment of a claim, the amount of which is in dispute, cannot receive it, without the assent of the debtor, in part payment only, but his receipt thereof and the use of the check will constitute a full satisfaction of the claim.

In Rumsey v. Barber, *supra*, which was a controversy over the amount due from the defendants to plaintiffs for merchandise, the plaintiffs wrote to the defendant as follows: " We shall refuse draft, as we do not owe you $200. We enclose statement and $45.42 to balance account, also freight vouchers. Kindly receipt in full." The plaintiffs retained the money so remitted. It was held that inasmuch as no consent of the defendants was shown for its application as part payment only, the retention of the remittance, under the circumstances stated, was a satisfaction of the claim.

In Andrews v. Stubbs, 100 Mo. App. 599, a difference existed between plaintiff and defendant as to the amount due plaintiff for grain purchased of him by defendant. The plaintiff sent the defendant a statement of account showing the amount claimed by him to be due, whereupon the defendant deducted from the statement what he claimed to

be an overcharge, and remailed it to the plaintiff, together with a check for the balance, and a letter stating that the check was the balance in full of account as per the attached statement. The plaintiff retained the check and used the proceeds. It was held that by accepting and using the check, the plaintiff accepted the condition of its being in full settlement, and that the claim was thereby discharged.

In Jackson v. Volkening, *supra*, the plaintiff had a claim against the defendant for a balance of account. The defendant asserted a set-off and sent to the plaintiff, by mail, a check, together with a letter stating that the check was sent in full settlement of all claims against him to date, and was to be used by the plaintiff only under this condition: that if the settlement was not satisfactory in full payment, to return the same. It was held that the acceptance and use of the check constituted an accord and satisfaction.

Numerous other cases are cited by counsel for appellee in support of his position.

Inasmuch as the foregoing illustrate the general rule applicable to the facts at bar, we shall not refer to others further than to say that they, in principle, fully support the same. While the courts of a few jurisdictions have held to the contrary, the greater weight of authority in the United States seems to uphold the rule, which may well be regarded as most salutary and convenient in the general transaction of business.

It is conceded by counsel for appellant, in argument, that if appellant had, upon receipt of the check, cashed it and credited the proceeds to appellee on account of its claim, and remained silent, an accord and satisfaction could properly be implied. It is insisted, however, that inasmuch as Orendorff was informed by Simmons that the check would not be received in full payment of appellant's claim, but had been credited on account thereof, the failure of Orendorff to object or in some way signify the unwillingness of appellee that it should be so applied, fairly justified Simmons in concluding that appellee assented to such use of the check, and waived the condition upon which it was

tendered. We regard such contention as without force. By the terms of the letter with which it was enclosed, the check was tendered upon the condition that it should be received and accepted by appellant in full satisfaction of its claim. Under the authorities cited, the act of placing the amount of the check to the credit of appellee upon the books of appellant, followed by the exhibition to Orendorff of the statement of account upon which the amount of the check appeared as a credit, constituted, in law, a full and complete acceptance of the same. While the fact that the check was laid aside and not presented to the bank upon which it was drawn until after the interview between Simmons and Orendorff, may be material as tending to show the intention with which it was retained, it in no way operated to lessen or weaken the legal effect of appellant's action. During the interview referred to, nothing was said or done by Simmons which in any way indicated to or warranted the inference by Orendorff that its acceptance was other than absolute, nor can the statements by Orendorff to the effect that appellee owed appellant nothing, be reasonably construed to mean that a waiver of the condition was intended. The remarks were but true statements of the legal effect of the acts of appellant.

In the absence of any statement to the contrary, Orendorff was, we think, clearly justified in supposing that the failure to return the check was an expression of assent to the condition, and his failure expressly to demand the return thereof did not warrant the assumption by Simmons that the same was waived. We are of opinion, therefore, that, as a conclusion of law, an acceptance of the check upon the condition attached may properly be inferred from the admitted facts. As is said in Fuller v. Kemp, *supra*, " The tender and condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction. Under such circumsta nce the assent of the creditor to the terms proposed by the

debtor will be implied, and no words of protest can affect the legal quality of the act." The application of this rule of law to the uncontroverted facts referred to, established a complete defense to the plaintiff's demand. There remained no question for the determination of the jury, and the trial court properly directed a verdict for the defendant.

The judgment accordingly will be affirmed.

*Affirmed.*

Mr. Justice GEST, dissenting.