B. F. CORNELIUS, Respondent, v. JULIUS ROSEN,
Appellant.

**Kansas City Court of Appeals, April 3, 1905.**

1. **LANDLORD AND TENANT: Monthly Tenancy: Notice:
   Waiver.** Although the landlord and·the tenant in a tenancy
   from month to month each are entitled to thirty days' notice
   to quit, yet they can waive such right, and though the notice be
   short the tenant can act upon it and quit and the landlord is
   estopped to demand rent beyond the time of quitting.

2. **TENDER: Condition: Acceptance: Instruction.** Where money
   is tendered with a condition the acceptance of the money is
   an acceptance of the condition, and an instruction should so
   inform the jury.

Appeal from Buchanan Circuit Court.—*Hon. H. M.
Ramey*, Judge.

REVERSED AND REMANDED.

*Jno. C. Landis, Jr.* for appellant.

(1)  The court erred in holding that under a notice
served on August 3rd to vacate the building occupied by
defendant "on or before September 1st," defendant had
no right to move at any time and to pay rent only for
such a time as he actually kept possession of the prem-
ises.

(2)  The court erred in refusing the third declara-
tion of law asked by defendant as it was written and,
in amending it so that it declared the law to be that the
plaintiff could accept the tender, knowing the terms on
which it was offered, without being bound by the pres-
cribed terms. Deutman v. Killpatrick, 46 Mo. App. 624,

l. c. 629; Perkins v. Headley, 49 Mo. App. 556, l. c. 562; Poallman v. St. Louis, 145 Mo. l. c. 659; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Adams v. Helm, 55 Mo. 469; Kroenberger v. Binz, 56 Mo. 121; Nassoiy v. Tomlinson, et al., 42 N. E. 715; Treat v. Price, 66 N. W. 834, l. c. 836; School Board v. Hull, 72 Mo. App. l. c. 408.

*E. M. Swartz* for respondent.

(1)    The defendant tried this case on the theory of accord and satisfaction.    Accord and satisfaction is the substitution of another agreement between the parties in satisfaction of a former one, and the execution of the latter agreement.    3 Blackstone, Com., p. 15; Dry Goods Co. v. Goss, 65 Mo. App. 55.

There was no accord and satisfaction in this case. It was not a conditional tender.    Perkins v. Headley, 49 Mo. App. 556; Towslee v. Healy, 39 Vt. 522.

(2)    The    defendant simply    claimed he    owed so much, sent a check for the amount and requested plaintiff to give him a receipt in full.    Kitchen v. Clark, 1 Mo. App. 430; Perkins v. Headley, supra; Hillstead v. Lee, 97 N. W. 1055.

ELLISON, J.—This is an action for one month's rent of a house at $18 per month.    The account is credited with payment of $7.36, leaving a balance claimed of $10.64.    The plaintiff prevailed in the trial court.

The evidence disclosed that defendant was plaintiff's tenant from month to month, beginning the first of each month, and that on August 3rd plaintiff gave defendant a written notice to vacate the premises on *or before* the first day of the month of September following. Defendant then vacated    the premises    on the 18th of August and contends that all claim for rent ceased on that day.    In this we believe defendant is right.    The plaintiff, as landlord, could have held defendant for rent until defendant should give him a month's written notice of his intention to quit.    And defendant, as tenant,

could have required a corresponding notice from plaintiff before he could have been compelled to vacate. But neither of these conditions appear in the case. Here, the plaintiff chose to waive his right to a continued tenancy by giving notice to defendant asking him to vacate at any time before September first and defendant took him at his word and quit. We think plaintiff, in such circumstances, has no cause for demanding rent beyond the time defendant remained.

It further appears that defendant had some repairs to the plumbing made for which he paid, and which he contended should be allowed on the rent and which plaintiff refused. Thereafter defendant sent to plaintiff the plumbing bills and his check for $7.36 which, together with the plumbing account, equalled the rent due, counting up to the time he vacated. The evidence tended to show that defendant tendered this check as in full of all plaintiff's claim; and that plaintiff refused to so accept it, but nevertheless retained the check, cashed it and kept the money. If such were the facts plaintiff must be held to have accepted it in full, for if he accepts money conditionally tendered, he accepts the condition also. St. Joseph School Board v. Hull, 72 Mo. App. 403; Andrews v. Manufacturing Co., 100 Mo. App. 599. Defendant's instruction to that effect should have been given without being altered.

The judgment is reversed and the cause remanded. All concur.