Lois Richardson *vs.* Julian D. Taylor, Admr.

Kennebec. Opinion April 12, 1905.

*Accord and Satisfaction. Offer and Acceptance. Payment.*

If an offer of money is made to one, upon certain terms and conditions and the party to whom it was offered takes the money, though without words of assent, the acceptance is an assent de facto·and he is bound by it. The acceptance of the money involves the acceptance of the condition.

Shortly after the death of the defendant's intestate the plaintiff presented her claim to the defendant, and after the latter's appointment as administrator, he sent the plaintiff a check for the sum of $100, enclosed in a letter of the following tenor: "If you choose to accept the enclosed check in satisfaction of all demands against my father's estate will you please sign and return to me the accompanying receipt. If not, please return the check." The plaintiff received this letter and the enclosed check and retained the check, later obtaining the money thereon, but she did not sign and return the receipt.

*Held:* that the plaintiff having accepted the check upon the condition clearly stated, she received it in full satisfaction of all demands that she had against the decedent's estate, and that this action cannot be maintained.

On motion and exceptions by defendant. Motion sustained.

Assumpsit against the defendant as administrator of his father's estate to recover for services rendered to the intestate. The action was brought and tried in the Superior Court, Kennebec County. Verdict for plaintiff for $223.10. Defendant filed a general motion for a new trial and also took exceptions to certain rulings made by the presiding Justice. Case decided on the motion. Exceptions not considered.

The case is sufficiently stated in the opinion.

*Brown & Brown,* for plaintiff.

*Charles F. Johnson,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WISWELL, C. J.    Action against the defendant as administrator of his father's estate to recover for services rendered to the intestate.

Shortly after the death of the defendant's intestate the plaintiff presented her claim to the defendant, and on June 5, 1902, after the defendant's appointment as administrator, he sent the plaintiff a check for the sum of $100 enclosed in a letter of the following tenor: "Miss Lois Richardson: — If you choose to accept the enclosed check in satisfaction of all demands against my father's estate will you please sign and return to me the accompanying receipt.    If not, please return the check."

The accompanying receipt was as follows: "Received from J. D. Taylor, adm., one hundred dollars in full satisfaction of all claims against the estate of Daniel Taylor, deceased."

The plaintiff received this letter and the enclosed check, and retained the check, later obtaining the money thereon, but she did not sign and return the receipt.    Subsequently she commenced this suit, giving credit for this payment upon account.    At the trial the jury returned a verdict for the plaintiff for the amount claimed. Irrespective of the merits of the plaintiff's original claim, we are of the opinion that the verdict was clearly wrong and that the plaintiff cannot maintain this action because of the acceptance by her of this payment of $100 under the terms and conditions made by the defendant and clearly stated in the letter in which the check was enclosed.    "If an offer of money is made to one, upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent de facto and he is bound by it.    The acceptance of the money involves the acceptance of the condition.    Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest even can affect this result."    *Anderson* v. *Standard Granite Company*, 92 Maine, 429.

The letter from the defendant to the plaintiff clearly expressed the terms and conditions upon which the check for $100 was sent

her.   If she chose to accept it, it was to be "in satisfaction of all demands" against his father's estate, if she did not choose to accept it in full satisfaction, she was to return the check.   The defendant had the right to impose the terms upon which this payment should be accepted, if accepted at all.   He did impose terms in language clear and emphatic, and as to the meaning of which there was no opportunity for doubt upon the part of the plaintiff.   The plaintiff accepted the check upon these terms, she therefore took it in full satisfaction of all demands that she had against the decedent's estate.

*Motion sustained.   New trial granted.*