# G. W. ELLIOTT et al., Appellants, v. A. A. THOMAS et al., Respondents.

**Kansas City Court of Appeals, December 21, 1914.**

**ACCOUNT: Accord and Satisfaction.** Plaintiffs sued on an account and to enforce a mechanic's lien therefor. They claimed that in addition to the amount due under the original contract there was a contract to pay for extra work which they had done. Defendant denied any extra work was done or agreement to pay therefor. An arrangement was made whereby defendant T. was to make payments as the work progressed by giving orders on S. & C. who would cash the same. Defendant T. contended that by the terms of the last order given to each plaintiff respectively, they were in full of the balance due plaintiffs according to the contract as it originally stood, and that as plaintiffs accepted said orders with those conditions attached, they were bound thereby. D., one of the plaintiffs took his order and cashed it thinking it was as the others had been and in ignorance of the fact that it stated that it was in full of the balance due him. E., the other plaintiff, ascertained that his order so stated and presented it for payment but received only a portion of the money due thereon, the fund in S. & C's hands being exhausted. Defendant T. by making a deposit after suit was brought, admitted that the amount called for in the order had not been paid. *Held*, that while the circumstances of the acceptance of the orders could be examined by the jury to determine whether or not the plaintiffs had agreed to settle their account at the price of the original contract, yet the plaintiffs could not be conclusively bound ·by the terms of the order. If the giving of the last order be considered in the light of an accord and satisfaction, there was no satisfaction since the terms thereof were not performed. An accord and satisfaction must be completed in order to be binding.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer*, Judge.

REVERSED AND REMANDED.

*Sterling P. Reynolds* for appellants.

(1) The trial court erred in sustaining the demurrer. Even if the parties had agreed on a settle-

ment, it was not carried out and plaintiffs had a right to sue on the original contract. It is admitted that there was no accord and satisfaction, else why this deposit? It is the unbroken rule of law in this State, that the accord and satisfaction must be complete in order to be binding. Peterson v. Wheeler, 45 Mo. 369; Barton v. Hunter, 59 Mo. App. 610. (2) "An accord in order to discharge a contract or cause of action must be executed and this execution of the accord is the satisfaction. Satisfaction consists in the actual performance by one party of the agreement of accord, and the acceptance by the other party of such performance in full satisfaction of the original cause of action or contract." Carter v. Railroad, 136 Mo. App. 719.

W. N. *Linn* and *John E. Heffley* for respondents.

(1) A settlement in full when respondent gave appellants the orders in full and appellants accepted such and drew the money thereon they accepted the conditions, being in full settlement of the amount due them. Andrews v. Stubbs, 100 Mo. App. 599. (2) Appellant Elliott states that at the time the order was given him he stated that it was not in full payment and threw the order down and afterward picked it up, took it to Shull & Chipps and received payment, less $4.62 which was by respondent paid to the constable just as soon as this suit was instituted. Such being the facts, appellants must be held to have accepted it in full, for if he accepted the money conditionally tendered he accepted the conditions also. Cornelius v. Rosen, 111 Mo. App. 619.

TRIMBLE, J.—This suit was instituted by appellants, G. W. Elliott and Charles Davis, to enforce a mechanics lien for $84.37 the balance alleged by them to be due on an account for labor performed in building a small house for respondent A. A. Thomas.

Under the original contract which was oral they were to build a five room house for $125 and do some painting for $35 making $160 in all. After the work began, appellants claim that Thomas appeared at the place where the house was being erected and gave them the plan of the house to be built. According to appellant's testimony this included more than the house contemplated in the contract, and Thomas was so told, whereupon he agreed they should do the extra work and he would pay for same.

Thomas had borrowed some money to pay for the house and this was held by the firm of Shull & Chipps who paid it out to appellants as the work progressed in orders signed by Thomas. Appellants' testimony tends to show that when the house was completed Thomas expressed himself as satisfied therewith; that in addition to the work called for in the original contract they did $56.50 worth of extra work making their amount aggregate the sum of $216.50; that in various orders given by Thomas on Shull & Chipps they have received $152.13 leaving a balance due of $84.37. Thomas denied that there was anything said about extra work or that anything extra was required or done.

Davis testified that he had cashed orders given by Thomas on Shull & Chipps to the amount of $75 which lacked $2.50 of amounting to one-half of the amount due under the original contract at the time he came into it, Elliott having already done $5 worth of work, leaving $155 as the balance to be paid for the work not counting extra work done.

It seems that the last order given by Thomas to Davis was for $17.50 and the last given Elliott was for $36.75. These orders, although exhibited to appellants while on the stand and identified by them, were not offered in evidence and we have no means of knowing what were their terms except by inference from the testimony. It is Thomas' contention, however, that

they were in full of the balance due from him under the original contract. Davis says his order was given to him the same as the others with no statement that it was in full of the amount due; that he could not read it without his glasses and did not have them, and cashed it without knowing anything about its being in full, and would not have accepted it had he known of it. Elliott says Thomas gave him the order for $36.75 saying he *thought* that paid the bill in full. That he told Thomas it did not pay the bill in full. He took the order, however, to Shull & Chipps but there found that Thomas had only a balance of $32.13 remaining on deposit with them to meet the order. This amount was paid him thereon. Thomas admits that the full amount of the order never was paid, because after suit was brought to enforce the mechanic's lien he deposited $4.62 to cover the deficit.

At the close of plaintiffs' case in chief, the trial court sustained a demurrer to the evidence. Evidently this was on the theory that plaintiffs' own evidence showed that a settlement had been made between the parties. This ruling was in view of the decision in Andrews v. Stubbs, 100 Mo. App. 599, and Cornelius v. Rosen, 111 Mo. App. 619, which hold that where one accepts and cashes a check sent in payment in full of the balance due on a disputed account, he thereby discharges the account since he cannot accept the check without accepting the conditions attached thereto. No doubt this is true, but that is hardly the situation here. As to Davis, nothing was done or said indicating to him that if he accepted the order given him it would be a settlement in full. He took the order thinking it was like the rest, and the giving of the order was merely what Thomas had agreed to do from time to time. As to Elliott, although at the time he received the $32.13 on the order he may have known it read in full of the balance due him, yet he did not get the amount called for in the order. His reception from

Shull & Chipps of the $32.13 thereon should not be treated as conclusive evidence of a settlement in full. Even if the giving of the last order and the acceptance thereof by Elliott be considered in the light of an accord and satisfaction, yet the terms thereof were not performed. That is, even if Thomas by giving the order, in effect, said to Elliott ''If you will agree to accept $36.75 in full satisfaction of your account I will enable you to draw that amount by giving you this order on Shull & Chipps'' yet Elliott did not receive the $36.75. The agreement was not carried out on Thomas' part. He admits this by attempting to make a deposit after suit is brought. An accord and satisfaction must be completed in order to be binding. [Peterson v. Wheeler, 45 Mo. 369; Barton v. Hunter, 59 Mo. App. 610.] The execution of the accord is the satisfaction, and an accord without satisfaction does not bar a suit on the original obligation. [Carter v. Chicago, etc., Ry. Co., 136 Mo. App. 719.] To constitute a bar to the original claim the accord must be fully executed. [1 Cyc. 313-316.]

The questions whether there was any extra work done and, if so, whether Thomas agreed to pay for it, were for the jury to determine. What was done by the parties concerning the giving of the two last orders, and all the circumstances surrounding them, may be looked at by the jury in arriving at a determination of the question whether anything beyond the original contract price is due or not. But appellants cannot be conclusively bound to have discharged the account merely because Elliott received from Shull & Chipps a part of the money specified in the order given him.

Hence, the case should not have been taken from the jury. The judgment is, therefore, reversed and the cause remanded for a new trial in order that the issues between the parties may be determined by a jury. The other judges concur.