Frazier v. Ray, 29 N. M. 121.

[No. 2738.  Oct. 4, 1923.]

# FRAZIER v. RAY.

### SYLLABUS BY THE COURT

1. An "accord and satisfaction" is the entry into, and the performance of, an agreement between two or more parties to an unliquidated or disputed claim or cause of action, whereby one undertakes to perform, and the other to accept, something different to which each considers himself entitled.

2. Where a debtor to an unliquidated or disputed claim tenders a given sum in full settlement thereof, and the creditor, with the knowledge of such fact, accepts and receives such sum, he accepts the condition, as he cannot receive the payment without accepting the condition.

3. Upon such a tender being made, the creditor has but one of two alternatives open to him, either to accept it as tendered, or to reject it.

4. In cases where parties to a disputed claim have settled their differences by accord and satisfaction, the court will not go beyond such settlement to determine which of them was right in his contention. It will only determine whether or not a dispute existed between them at the time such accord and satisfaction occurred.

Appeal from District Court, Mora County; Leahy, Judge.

Suit by James T. Frazier against George H. Ray. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

Hunker & Noble, of Las Vegas, for appellant.

William G. Haydon and A. T. Rogers, Jr., both of East Las Vegas, for appellee.

### OPINION OF THE COURT

BRATTON, J.  The appellee instituted this suit to recover the sum of $1,131, being the balance due upon a commission of $2,631 earned by him upon the sale of certain cattle belonging to the appellant. He charged that the parties had agreed upon a commission of $1 per head for all cattle sold; that through his instrumentality the appellee sold to C. L. Anceney, of Boseman, Mont., 2,631 head of cattle; that the appellee had paid him $1,500 to apply upon such commission, leaving still due the sum sued for.

The appellant denied that any agreement for the payment of $1 per head upon such cattle had been had, and pleaded, by way of accord and satisfaction, that he had paid the appellee the sum of $1,500 in full settlement for his services rendered.

The trial court, having heard the case without a jury, made findings of fact and rendered judgment in favor of the appellee for the full sum sued for. This appeal followed.

It is contended by the appellant that, under the findings of the lower court, judgment should have been rendered in his favor, and, that the court erred in its conclusion of law that the appellee was entitled to recover under the facts, as found by the court.

It appears from the evidence that the negotiations between the appellant and Mr. Anceney, the person to whom the cattle were sold, covered several months' time, during which three shipments of cattle were made; that such dealings were concluded on May 17, 1919, when a certain shipment was made from Las Vegas, at which time the purchaser made final settlement with the seller; that when these things had been done, the parties to this suit took up the subject of the commission to be paid, whereupon a dispute arose between them, the appellee contending that they had agreed upon $1 per head as such commission, while the appellant contended that no fixed sum had been agreed upon, that he had only agreed to treat the appellee right with regard to such matter. The trial court found that on February 13, 1919, $1,000 had been paid upon account; that during such negotiations, so had on May 17, 1919, and while such dispute existed, the appellant gave to the appellee a check in the sum of $500, with the words "in full" written thereon; that he advised the appellee it was tendered in full settlement; that the appellee objected to receiving such check under such conditions, and the appellant then advised him to return such check unless it was so accepted, which the appellee failed to do. On the contrary, he kept and cashed the

same, and retained the proceeds thereof. The findings of the court upon this phase of the case are:

"That at the time the said check for $500 was delivered, a dispute arose over the balance due. That the defendant tendered to the plaintiff his check of $500, with the words 'in full' written on the said check. That at the time said Five Hundred ($500) Dollar check was tendered to plaintiff, the plaintiff objected to receiving said check as payment in full. That upon the objection of plaintiff to receiving said check as payment in full, defendant requested him to return said check unless it was so accepted, but that plaintiff nevertheless cashed said check and received the money therefor."

[1, 2] The question before us is whether or not these facts constitute an accord and satisfaction which precludes the appellee from recovering. An accord and satisfaction is a method of discharging a contract, or settling a cause of action arising either from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof and the execution of such substituted agreement. It is an agreement and the performance thereof, whereby one of the parties undertakes to perform and the other to accept in satisfaction of a claim or demand something other and different from that to which each considers himself entitled. To be effective, it must involve an unliquidated or disputed claim, as an existing dispute is one of the elements necessary to make such an agreement and its performance binding upon either party. Where no dispute exists with regard to the sum due, no consideration exists to support the agreement of the creditor to receive less than the agreed sum, or to release the debtor from the unpaid portion thereof. From the findings it appears that all of these necessary elements were present; the dispute then existed; a sum different from that claimed by the creditor to be due was paid; the debtor did not then admit he owed such sum; it was paid with the limitation and condition attached that it was in full settlement; and, when the appellee accepted and cashed such check and appropriated unto himself the proceeds thereof, well knowing that such payment was burdened with such condition, he thereby accepted it as

tendered. He could not accept the benefit of such tender without likewise accepting its condition.

[3] When a tender is made by a debtor to a disputed claim, under such circumstances that the creditor must understand it is offered in full payment, he has but one of two alternatives open to him—either to accept it as tendered, or to reject it and after accepting it he will not be heard to say that it was accepted under protest or upon any terms and conditions different from those imposed by the debtor who has the right to prescribe the conditions under which he makes the tender. Such a creditor is conclusively estopped to say that he did not accept such tender in full payment of his demand. The moment the appellee cashed the check, the minds of the parties met, and they mutually agreed that it constituted full payment. These principles have been thus announced in 1 C. J. 562:

"The foregoing principles relating to an acceptance in satisfaction find very frequent application in the case of checks and drafts. When a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction. And it is immaterial that the creditor does not return a receipt in full, or that he sends receipt 'on account,' or protests that he does not accept the tender in full satisfaction of the claim. If he is not willing to accept the check in full payment, it is his duty to return it without using it."

And in 1 R. C. L. 194, it is said:

"Thus, if the debtor tenders the amount he claims to be due, but upon the condition that it be accepted in discharge of the whole demand, and it is accepted, there is an accord and satisfaction on the principle that one accepting a conditional tender assents to the condition. And the fact that the creditor protests against accepting the tender in full payment will not prevent the transaction from constituting a good accord and satisfaction when the debtor still insists that it must be accepted in full payment or not at all."

In Barham v. Delight, 94 Ark. 158, 126 S. W. 394, 27 L. R. A. (N. S.) 439, which was followed upon the second appeal of that case, reported in Barham v.

Kizzia, 100 Ark. 251, 140 S. W. 6, as well as in Pekin Cooperage Co. v. Gibbs, 114 Ark. 559, 170 S. W. 574, and Mosaic Templars of America v. Austin, 126 Ark. 327, 190 S. W. 571, the Supreme Court of Arkansas said:

"If the offer or tender is accompanied by declarations and acts so as to amount to a condition that, if the creditor accepts the amount offered, it must be in satisfaction of his demand, and the creditor understands therefrom that if he takes it subject to that condition, then an acceptance by the creditor will estop him from denying that he has agreed to accept the amount in full payment of his demand. His action in accepting the tender under such conditions will speak, and his words of protest only will not avail him."

Again, the Supreme Court of Missouri, in McCormick v. City of St. Louis, 166 Mo. 315, 65 S. W. 1038, said:

"The appellant's second suggestion, offered to defeat the effect of his action in receiving the money of defendant and receipting in full for all claims under his contract with the city, that in doing so he protested against the correctness of the estimates, and notified the defendant that he would still insist upon the balance as claimed in his account, it need only be said that when one party to a contract tenders a definite sum of money to the other (where the amount due thereunder is in dispute) upon the condition that the other accept it in full discharge of his entire demand upon the account, and the other accepts it, the acceptance will operate as an accord and satisfaction, as a conclusion of law, the protest of the accepting party to the contrary notwithstanding. One cannot at the same time accept and reject a conditional tender. If one accepts the tender, the law imposes the condition, and no amount of protest will destroy its effect."

And this rule has been repeatedly announced by the courts of that state. Pollman Coal Co. v. St. Louis, 145 Mo. 651, 47 S. W. 563, Andrews v. Stubbs Contracting Co., 100 Mo. App. 599, 75 S. W. 178; Cornelius v. Rosen, 111 Mo. App. 619, 86 S. W. 500; Bahrenburg v. Conrad Schopp Fruit Co., 128 Mo. App. 526, 107 S. W. 440; Ogilvie v. Lee, 158 Mo. App. 493, 138 S. W. 926.

The Supreme Court of Kentucky in Cunningham v. Standard Const. Co., 134 Ky. 198, 119 S. W. 765, thus declared:

"The right to name the terms upon which the tender shall be accepted rests alone with the debtor. He makes his own terms, and the creditor must either accept the tender burdened with the conditions thereto attached by the debtor or else reject it. The appellant in this case, having received the check accompanied by the letter of appellee to the effect that it was in full settlement and satisfaction of the claim asserted, if he had been unwilling to accept it in satisfaction of his claim, should have returned it to the appellee. Having failed to do so, cashed the check, and appropriated the proceeds to his own use, he will not now be heard to say that he received it upon terms other than those named by appellee."

We find this declaration from the Supreme Court of California in Lapp-Gifford Co. v. Muscoy Water Co., 166 Cal. 25, 134 Pac. 989:

"The great weight of authority in American courts undoubtedly supports the rule that, where the amount due is in dispute, and a check for an amount less than that claimed is sent to the creditor, with a statement that it is sent in full satisfaction of the claim, and the tender is accompanied by such acts or declarations as amount to a condition that, if the check is accepted at all, it is accepted in full satisfaction of the disputed claim, and the creditor so understands. its acceptance by the creditor constitutes an accord and satisfaction, even though the creditor states at the time that the amount tendered is not accepted in full satisfaction."

The Supreme Court of Illinois said, in Canton Union Coal Co. v. Parlin & Arendorff Co., 215 Ill. 244, 74 N. E. 143, 106 Am. St. Rep. 162:

"To constitute an accord and satisfaction it is necessary that the money or check, or whatever is offered, should be offered in full satisfaction of the demand, and should be offered in such a manner or accompanied by such acts or declarations as amount to a condition that if the party to whom it is offered takes it he does so in satisfaction of his demand. If the offer is made in such a manner, and it is accepted, the acceptance will satisfy the demand, although the creditor protests at the time that the amount received is not all that is due, or that he does not accept it in full satisfaction of his claim. The creditor has no alternative except to accept what is offered, with the condition upon which it is offered, or to refuse it; and, if he accepts, the acceptance includes the condition, notwithstanding any protest he may make to the contrary."

And in Anderson v. Standard Granite Co., 92 Me.

429, 43 Atl. 21, 69 Am. St. Rep. 522, it is said by the Supreme Court of Maine:

"If an offer of money is made to one, upon certain terms and conditions, and the party to whom it is offered takes the money though without words of assent, the acceptance is an assent de facto, and he is bound by it. The acceptance of the money involves the acceptance of the condition. Under such circumstances, the assent of the creditor to the terms proposed by the debtor will be implied; and no words of protest, even, can affect this result."

This case was followed by that court in the subsequent case of Richardson v. Taylor, 100 Me. 175, 60 Atl. 796, wherein it was held that the merits of the controversy could not be considered, as the acceptance of the remittance in full payment constituted a complete accord and satisfaction.

To quote from other authorities would merely unduly lengthen this opinion. Innumerable cases could be cited to sustain the rule. We think, however, the following are sufficient: Harrison v. Henderson, 67 Kan. 194, 72 Pac. 875, 62 L. R. A. 760, 100 Am. St. Rep. 386; Neeley v. Thompson, 68 Kan. 193, 75 Pac. 117; Johnston v. Burnett, 17 Cal. App. 497, 120 Pac. 436; Stanley-Thompson Liquor Co. v. Southern Colorado Mercantile Co., 65 Colo. 587, 178 Pac. 577, 4 A. L. R. 471; Winter Cigar Co. v. Burman, 67 Colo. 487, 186 Pac. 285; Hoey v. Ross, 189 Mich. 193, 155 N. W. 375; Greenlee v. Mosnat, 116 Iowa, 535, 90 N. W. 338; Beever v. Porter, 129 Iowa, 41, 105 N. W. 346; Shahan v. Bayer Vehicle Co., 179 Iowa, 923, 162 N. W. 221; Beck Electric Const. Co. v. National Contracting Co., 143 Minn. 190, 173 N. W. 413; Qualseth v. Thompson, 44 S. D. 190, 183 N. W. 116; Adams v. Morehead, 45 S. D. 216, 186 N. W. 830; Snow v. Griesheimer, 220 Ill. 106, 77 N. E. 110; Partridge Lumber Co. v. Phelps-Burruss Lumber & Coal Co.. 91 Neb. 396, 136 N. W. 65; Early-Foster Co. v. Klump & Co. (Tex. Civ. App.) 229 S. W. 1015; Sylva Supply Co. v. Watt, 181 N. C. 432, 107 S. E. 451.

[4] To avoid the effect of the above-declared rule, the appellee countervails with the proposition that it

does not apply in cases where the claim is liquidated, and that this is such a claim, because the court found that, during the negotiations between the purchaser and the seller of the cattle, and prior to the dispute and delivery of the check hereinbefore referred to, the parties hereto had agreed that a commission of $1 per head should be paid. This can avail the appellee nothing, because the court also found that at the time the accord and satisfaction occurred a dispute had arisen and then existed between them. It is true that a debtor cannot advance a fictitious contention for the sole purpose of bringing about an ill-founded dispute on his part so that he may avail himself of the rule of accord and satisfaction, as this would be a species of fraud, but the court makes no such finding. On the contrary, he finds that a dispute existed, during which the check was tendered in full settlement. The general rule is that under such circumstances, the court will merely determine whether or not, at the time such settlement was had, a dispute existed. This must necessarily be the true rule, because in every controversy one of the parties must be right and the other wrong, and if the court, in such cases, goes behind their accord and satisfaction and determines which of them was in fact right and renders judgment accordingly, their settlement would become futile and a mere idle ceremony. In *Hunt on Accord and Satisfaction*, at section 86, it is said:

"And it is everywhere held that where parties whose rights are questionable and doubtful, and who have equal means of ascertaining what those rights are, come together and effect a compromise, the court will enforce the agreement which they fairly come to, and refuse to investigate the character or value of the demand settled, or the relative merits of the claims of the respective parties. The compromise will be upheld, even though it afterwards appears that the defendant had a legal defense to the claim settled, or that the rights of the parties were different from what they supposed them to be, or that the claim was not a valid one, and that the one making the claim had nothing to forego."

And in *Western & Southern Life Insurance Co. v. Guinn*, 130 Ky. 397, 113 S. W. 456, through Justice Barker, the Supreme Court of Kentucky said:

"Where such a compromise has taken' place, it is immaterial that it should afterwards transpire that one or the other of the parties to the settlement was right. One of the parties to a disputed question of law must always' be right; and, if the mere fact that it subsequently developed that one party was right and the other wrong may upset a compromise about it, there could be no basis of compromise of proposed litigation. The rule is that, if there be a question between parties about which reasonable men might well differ as to the outcome, they may adjust it themselves by way of compromise, and this will be upheld by the courts."

In Neubacher v. Perry, 57 Ind. App. 362, 103 N. E. 805, the appellant tendered to the appellee his check in the sum of $25 in settlement of a claim then in dispute. The court found that he was wrong in his contention, and that he in fact owed the appellee the additional sum of $115.50, and the judgment was rendered therefor. In reversing the cause, the court said:

"It may be stated at the outset that, although the court found that appellant was in the wrong in the controversy between the parties, this fact has no bearing on the question raised by appellees' retention of the check, unless it appeared that he was not acting in good faith."

From what we have said, it follows that the court erred in concluding the appellee was entitled to recover. Upon such facts he should have sustained the plea of accord and satisfaction and entered judgment for the appellant.

The cause must therefore be reversed and remanded, with directions to enter such judgment, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.