427 P.2d 275

Ronald L. MILLER, d/b/a Miller Construction Co., Plaintiff-Appellee,

v.

Ray E. MONTGOMERY, d/b/a Montgomery Construction Co., Defendant-Appellant.

No. 8077.

Supreme Court of New Mexico.

May 8, 1967.

Threet, Threet, Glass & King, Albuquerque, for appellant.

Hines & Mistretta, Albuquerque, for appellee.

## OPINION

NOBLE, Justice.

Ray E. Montgomery has appealed from a $4600 judgment in favor of Ronald L. Miller for damages resulting from Montgomery's breach of a contract to sell Miller certain real estate.

When the contract to sell the land was executed, Miller made a $300 down payment. Montgomery, who had had only an option to buy the land, could not furnish title to it and upon Miller's demand for conveyance delivered to Miller a cashier's check for return of the $300 down payment on which was written "settlement of

contract dated July 13, 1964." Miller received the check August 7, 1964, retained but did not cash the check, and on September 14, 1964 brought this suit for specific performance or, in the alternative, for damages for breach of the contract.

The question before us is whether these facts constitute an accord and satisfaction which would operate to preclude Miller from recovering. Frazier v. Ray, 29 N.M. 121, 219 P. 492, defined accord and satisfaction as:

"* * * an agreement and the performance thereof, whereby one of the parties undertakes to perform and the other to accept in satisfaction of a claim or demand something other and different from that to which each considers himself entitled. * * *"

When a tender is made by a debtor to a disputed claim, under such circumstances that the creditor can only understand it is offered in full settlement, he must either accept it as tendered or reject it. Miller v. Prince Street Elevator Co., 41 N.M. 330, 68 P.2d 663.

The decisions are in accord in holding that a creditor who receives and appropriates to his own use a check tendered as full settlement has entered into an accord and satisfaction of a disputed or unliquidated claim. There is, likewise, some authority to the effect that the mere retention of a check under such circumstances does not constitute acceptance of payment in satisfaction. See Annot., 13 A.L.R.2d 736. We are, however, committed to the principle that retention of a check tendered in full settlement of a disputed or unliquidated demand for an unreasonable length of time amounts to an election to treat it as such. Warren v. New York Life Ins. Co., 40 N.M. 253, 58 P.2d 1175. That decision indicates that ordinarily the question is one of fact but, where the facts are admitted or clearly established, may become a question of law for the court.

The facts respecting the tender of the check and circumstances and length of time of its retention by Miller are not in dispute here. We think that where the check was not cashed but was retained and turned over to counsel to bring suit, and suit was commenced approximately five weeks after its receipt, it was not retained an unreasonable period of time and a recovery for breach of the original contract was not barred. See Frank v. Frost, 170 Wis. 353, 174 N.W. 911 (14 weeks); American Nat. Bank v. Bradford, 28 Tenn. App. 239, 188 S.W.2d 971 (90 days); Western Pac. Land Co. v. Wilson, 19 Cal. App. 338, 125 P. 1076 (30 days); Meier v. Texas Co., 168 F.Supp. 119 (E.D.Pa.1958) (7 months). Compare Baggett v. Chavous, 107 Ga.App. 642, 131 S.E.2d 109 (22

months). See Chesapeake Industries v. Brandt, Sup., 137 N.Y.S.2d 195 (several months); Danks v. Kropp Steel Co., 21 Ill.App.2d 252, 157 N.E.2d 694 (2 years).

Finally, Montgomery contends that delivery of a cashier's check rather than his personal check requires a different rule. We expressly rejected this reasoning in Warren v. New York Life Ins. Co., supra, where it was said:

> "In the opinion last quoted from above the court intimates the rule might not be the same if the sender's own check or draft, instead of bank draft or check of third person, as in the case decided, were sent. The reason suggested for the difference is, if the sender's own check or draft be employed, the money is not withdrawn from his account, and he is not out its use by a mere retention of the check. The transparency of the suggested distinction is obvious. In the one case as well as in the other the sender, if he would himself avoid repudiating the claimed rescission or settlement, must at all times deny himself use of the money by holding it in his account to meet the check tendered when presented."

It follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE, J., and OMAN, J., Court of Appeals, concur.