62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lillian FREEMAN, Plaintiff-Appellant,
v.
Eric M. HENSEN, Defendant-Appellee.
 No. 94-2212.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 2, 1995.
 
 Before MOORE, SETH and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Lillian Freeman appeals from the grant of summary judgment in favor of defendant-appellee Eric M. Hensen in this personal injury action. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 This dispute arises out of a car accident in New Mexico on September 29, 1990. Ms. Freeman, a resident of California, was injured when her car was struck by a car driven by Mr. Hensen, a resident of New York. Ken Bates owned the car Mr. Hensen was driving, and Mr. Hensen was insured by Mr. Bates' insurer, Metropolitan Insurance Company, because he had Mr. Bates' permission to drive the car. On February 27, 1991, Ms. Freeman's attorney, Richard Stout, made a settlement demand upon Metropolitan for the limit of Mr. Bates' insurance policy, because of "his" culpable negligence in driving across the center line into oncoming traffic, and her car. See generally Appellant's App. at 35-39. Nowhere in this letter is Mr. Hensen's name mentioned, nor is there any indication that Mr. Bates was neither driving, nor even riding in his car when the accident occurred. See id. Based upon this demand letter and later letters, Metropolitan forwarded to Mr. Stout: (1) a check in the amount of the $25,000 limit of Mr. Bates' policy payable to Attorney Stout and the Appellant herein; and (2) a document, for Ms. Freeman's execution, releasing all her claims against both Mr. Bates and Mr. Hensen. Ms. Freeman crossed out Mr. Hensen's name on the release, executed it, and returned it. She and Mr. Stout indorsed the check and deposited it. Upon these undisputed facts, the district court granted summary judgment in favor of Mr. Hensen, concluding that Ms. Freeman's acceptance of the money offered by Metropolitan amounted to an accord and satisfaction of all claims against both Mr. Bates and Mr. Hensen, and barred this suit.
 
 
 4
 Ms. Freeman raises four issues on appeal: (1) the elements of accord and satisfaction are not satisfied; (2) the release is invalid because it was not signed under oath; (3) summary judgment was inappropriate because no discovery has taken place; and (4) the collateral source rule applies to the release, which therefore provides Mr. Hensen no defense from suit.
 
 
 5
 We review the grant of summary judgment using federal standards. Perlmutter v. United States Gypsum Co., 54 F.3d 659, 662 (10th Cir.1995). We therefore review the grant of summary judgment de novo, using the same legal standard as that applied by the district court. Wood v. Eli Lilly & Co., 38 F.3d 510, 512 (10th Cir.1994). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact" to be tried. Fed.R.Civ.P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a "genuine" issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 Because we are sitting in diversity, we apply state law to the substantive legal questions in this case. Perlmutter, 54 F.3d at 662. In the district court, both parties relied on New Mexico law. On appeal, Ms. Freeman still appears to assume that New Mexico law applies. Mr. Hensen, however, now argues that California law controls. We decline to decide this choice of law question because it was neither raised by Ms. Freeman, see RTC v. FSLIC, 25 F.3d 1493, 1506-07 (10th Cir.1994), nor decided in the first instance by the district court, see Singleton v. Wulff, 428 U.S. 106, 120 (1976). We review only Ms. Freeman's argument that this suit is not barred under New Mexico law.[2]
 
 
 7
 Under New Mexico law, "[a]n accord and satisfaction is a method of discharging a contract, or settling a cause of action ..., by substituting ... an agreement for the satisfaction thereof and the execution of such substituted agreement." Frazier v. Ray, 219 P. 492, 493 (N.M.1923).
 
 
 8
 When a tender is made by a debtor to a disputed claim, under such circumstances that the creditor must understand it is offered in full payment, he has but one of two alternatives open to him--either to accept it as tendered, or to reject it and after accepting it he will not be heard to say that it was accepted under protest or upon any terms and conditions different from those imposed by the debtor who has the right to prescribe the conditions under which he makes the tender. Such a creditor is conclusively estopped to say that he did not accept such tender in full payment of his demand. The moment the [creditor] cashed the check, the minds of the parties met, and they mutually agreed that it constituted full payment.
 
 
 9
 Id. at 493-94.
 
 
 10
 In determining whether the parties entered into an accord and satisfaction, we are not limited to the terms of the release itself, but may investigate the surrounding circumstances. Gutierrez v. Sundancer Indian Jewelry, Inc., 868 P.2d 1266, 1269 (N.M.Ct.App.1993), cert. denied, 869 P.2d 820 (N.M.1994). Whether an agreement is clear or ambiguous is a question of law reviewed de novo. See id.
 
 
 11
 Under all the circumstances of this case, it is clear that Mr. Stout made demand upon Metropolitan for Mr. Hensen's allegedly negligent actions, rather than any action of Mr. Bates. Mr. Stout made no allegation that Mr. Bates was personally liable to Ms. Freeman on any theory. His letters to Metropolitan made no real distinction in negotiations between Mr. Bates and Mr. Henson. Further, Mr. Stout alleged only that the driver of the car was culpably negligent. Therefore, the acceptance of Metropolitan's $25,000 tender expressed his and Ms. Freeman's acceptance of Metropolitan's offer, as Mr. Hensen 's insurer by way of Mr. Bates' policy, to settle her claims against both Mr. Bates and Mr. Hensen. It should have been entirely clear to Mr. Stout that Ms. Freeman was not entitled to reject one of Metropolitan's conditions upon its tender, while retaining the money. See Miller v. Montgomery, 427 P.2d 275, 276 (N.M.1967); Frazier, 219 P. at 493-94.
 
 
 12
 It does not matter that the release was not signed under oath, as Ms. Freeman argues was required by N.M. Stat. Ann. 41-1-1(C). This statute applies only in cases in which the release is obtained within fifteen days of the injury-causing accident, or in which the plaintiff disavows the release within fifteen days after being discharged by his or her doctor. See Mitschelen v. State Farm Mut. Auto. Ins. Co., 555 P.2d 707, 711-12 (N.M.Ct.App.1976)(construing section 41-1-1, formerly numbered section 21-11-1). Ms. Freeman has shown no facts to bring this case within the purview of the statute.
 
 
 13
 We also are not persuaded that summary judgment was improperly granted because Ms. Freeman was denied discovery. "[M]ere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable is insufficient." International Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc., 52 F.3d 901, 905 (10th Cir.1995)(quotation omitted). Ms. Freeman has neither alleged discoverable facts that could create a genuine issue for trial, nor explained why she cannot present sufficient facts to oppose the summary judgment motion without discovery, see id.
 
 
 14
 Under the facts of this case, Ms. Freeman's argument that Metropolitan is a collateral source is frivolous. Cf. Trujillo v. Chavez, 417 P.2d 893, 897 (N.M.1966)(employer paying sick leave pay to employee-plaintiff injured in a car accident was collateral source with respect to defendant); Mobley v. Garcia, 217 P.2d 256, 257 (N.M.1950)(public assistance paid to plaintiff injured in assault and battery was collateral source with respect to defendant).
 
 
 15
 Appellant's motion to certify questions of law is denied.
 
 
 16
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We are also convinced that we would reach the same result under California law