JOHN N. JACOBSEN, Conservator, Defendant in Error, *vs.* THE HEYWOOD & MORRILL RATTAN COMPANY, Plaintiff in Error.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

MASTER AND SERVANT—*when instructions as to an assumed risk are properly refused.* Instructions stating, in various ways, the doctrine of assumed risk are properly refused in a personal injury suit by a servant, where the evidence tends to show that the injury resulted from a negligent order by the servant's superior and there is no evidence indicating any assumption of the risk resulting from obedience to that order.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

The Heywood & Morrill Rattan Company, a corporation, has sued out a writ of error from this court to review a judgment of the Appellate Court for the First District affirming a judgment for the sum of $2500 recovered by Charles Timm in the circuit court of Cook county on November 27, 1901, against plaintiff in error, in an action on the case for personal injuries.

The declaration, consisting of three counts, alleges, in substance, that Timm was an employee of plaintiff in error at its manufacturing establishment in the city of Chicago, and that he received the injuries complained of while assisting in unloading a boiler at its plant, while working under the orders and directions of one William Green, a foreman of plaintiff in error, and Edward Robinson, an engineer in the employ of said company, who he alleges were his superiors and were appointed by the plaintiff in error to take charge of the unloading of said boiler and whose orders he was obliged to obey; that the plaintiff in error neglected to furnish a sufficient number of men and the

necessary fixtures and tools to safely and properly unload said boiler, and that said Green and Robinson gave negligent orders in and about the moving of said boiler, and because of the negligence aforesaid on the part of plaintiff in error while he (Timm) was assisting in said work, in the exercise of due care and caution for his own safety, the boiler rolled upon and against him and severely injured him. To the declaration plaintiff in error interposed the general issue, and a trial by jury resulted in a verdict in favor of Timm for the sum of $2500, upon which the judgment of the circuit court above mentioned was entered.

On June 4, 1895, the date Timm received his injuries, he was about fifty years of age. Immediately preceding that time, for a period of about three weeks, he had been in the employ of plaintiff in error at its manufacturing establishment as a common laborer. His duties consisted in unloading and sorting lumber, moving cars, and doing any other general work about the plant. At the time of the accident a boiler fifty inches in diameter, about eight and one-half feet long and weighing 4200 pounds, was being delivered to plaintiff in error by a boiler company. Timm and a man by the name of Schlak, also a common laborer; William Green, a foreman; Edward Robinson, the chief engineer; Frank Bowers, an assistant engineer, (all of whom were employees of plaintiff in error,) and William J. Rogers (a teamster) and an assistant, in the employ of the boiler company, were engaged in unloading the boiler from the wagon on which it had been hauled, upon a platform adjoining the engine room. On the wagon was an ordinary wagon-box, with sides twelve inches high, in which the boiler had been hauled. It appears from the record that when Rogers arrived at the establishment of plaintiff in error with the boiler, Robinson, after some discussion with Rogers about whose business it was to unload it, took charge of the matter and directed Rogers to back the wagon up to a platform in front of the engine room door, which

Rogers did. This platform was a few inches higher than the bottom of the wagon bed. Robinson then sent for Timm and Schlak to assist in removing the boiler from the wagon to the engine room. Green, the foreman, who was Timm's immediate superior, ordered him to work under Robinson's directions. A stone-jack, crow-bars and rollers were secured and the end of the boiler next to the platform was raised up and the rollers placed under it, and it was gradually worked endwise from the wagon to the platform. Robinson placed the rollers, Rogers and his assistant operated the stone-jack in the wagon at the rear end of the boiler, and Timm and Schlak lifted and steadied the boiler with the crow-bars, one on each side. After they had succeeded in getting it clear of the wagon and all but about eighteen inches of the back end of it upon the platform, while Timm, Schlak, Rogers and his assistant were taking measures to get the boiler still farther on the platform, it rolled over a short distance toward Timm and he was knocked down by it. When this happened he was facing the boiler, and as he fell he caught hold of the top of the rear end of the wagon-box with his right hand, and while in that position the boiler rolled against his hand, crushing it so badly that it was necessary to have the fourth finger amputated and the hand was otherwise permanently injured. When the boiler began to roll it was resting on two rollers on the platform, and there was nothing to prevent it from rolling to either side except its own weight and the crow-bars of Timm and Schlak.

Upon the trial Timm and Schlak both testified that just before the accident occurred Robinson directed them to raise the boiler for the purpose of putting another roller under it near the rear end. Timm was then on one side and Schlak on the other. Each had a block and crow-bar, and after each placed his crow-bar in position to use as a lever by bearing down upon the upper end, the lower end being under the boiler and the block acting as a fulcrum,

Robinson said, "Everything is ready; go ahead." Both immediately bore down, and Schlak's lever first acting upon the boiler or acting with greater power than the other lever, caused the boiler to lose its balance and roll heavily and quickly toward Timm, and the injury resulted. The evidence shows that if the boiler had been properly blocked before the order was given the accident would not have occurred.

At the close of all the evidence the court denied the motion of plaintiff in error for a directed verdict. While the cause was pending in the Appellate Court the insanity of Timm was suggested, and John N. Jacobsen, his conservator, was substituted as defendant in error.

F. J. CANTY, and WHITE, MABIE & CONKEY, (J. C. M. CLOW, of counsel,) for plaintiff in error.

RICHBERG & RICHBERG, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The first point made by plaintiff in error in its brief of points and authorities is, "the verdict was against the evidence," which, of course, we cannot consider. The second is, "Robinson, the engineer, was a fellow-servant of defendant in error;" and the third is, "defendant in error assumed the risk of the boiler rolling." The fourth and remaining point is, that the court erred in passing on instructions tendered upon the submission of the case to the jury. The assignment of errors is perhaps broad enough to question the action of the court in refusing to direct a verdict for plaintiff in error, but no such point is made by the brief. The argument pertaining to the first, second and third points would have been entirely appropriate in the Appellate Court, where the facts could be determined, but has little or no application here, where we can only consider the law.

In view of the condition of the plaintiff in error's brief we regard it as unnecessary to enter upon a detailed discussion of the evidence. We have read the testimony of the witnesses as abstracted, and find that there was evidence which tended to show that a negligent order of Timm's superior was the proximate cause of the accident. In giving that order the superior did not act as a fellow-servant of Timm. There is no evidence which tends to show that the risk attendant upon the negligent order was assumed by the injured employee.

Instruction 1 given at the request of Timm is objected to. The criticism offered has been several times held by this court to be without merit. It is unnecessary to again consider it or to state it here.

It is said that Timm's instruction 3 is objectionable, for the reason that it assumes that plaintiff in error conferred authority on one of its employees to remove the boiler from the wagon, when, in fact, there was no evidence whatever in the case tending to show that such authority was conferred on anyone. An examination of the instruction shows that it contains no such assumption. It states the law in reference to the responsibility of the master for commands given by a vice-principal within the scope of the authority conferred on him by the master. It might have been refused for the reason that it is abstract, but it recites the law correctly and we think it was not misleading.

The court gave four instructions on the part of Timm. The plaintiff in error asked thirty-six, of which the court gave sixteen and refused twenty. The issues in the case were few and simple. The direct evidence offered on the part of Timm was the testimony of himself and another witness, which covers six pages in the abstract. The same two witnesses were the only ones who testified in rebuttal, and their testimony then given, as abstracted, covers about half a page. Plaintiff in error's testimony, as abstracted, covers about twelve pages. The only controverted question

of fact was as to whether or not the alleged negligent or-
der was given by Timm's superior. Propositions of law
which plaintiff in error was entitled to have given to the
jury could have been, and should have been, fully and
clearly stated in half a dozen instructions. Among other
instructions refused were six stating the doctrine of as-
sumed risk in various ways. No instruction on that sub-
ject was given, and it is urged that the refusal of each of
the six was error. There was nothing in the proof upon
which to base these instructions. The evidence offered on
behalf of Timm as to the cause of the accident tended only
to show that the injury resulted from the negligent order.
There was no proof which could possibly be regarded as in-
dicating an assumption of the risk resulting from obedience
to that order. There was therefore no question of assumed
risk in the case, and these instructions were for that rea-
son properly refused. *Postal Telegraph Co.* v. *Likes,* 225
Ill. 249.

Complaint is also made of the refusal of instruction
numbered 44 asked by plaintiff in error, which was in the
following words: "The court instructs you that an em-
ployer is not an insurer of the safety of an employee."
While the proposition is unquestionably accurate, we are
unable to see that its refusal could have worked injury.
The same thing is true of instructions numbered 30 and 31
asked by plaintiff in error. While no harm would have
resulted from giving them, their refusal does not, upon this
record, appear to have been erroneous.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*