FRANK O. REED, Appellee, vs. ANTOINE ENGEL, Appellant.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. PARTNERSHIP—*an agreement to share profits does not necessarily create a partnership as between the parties.* A contract whereby a real estate dealer employs a person to assist him in the sale of land on the agreement that he is to receive one-half the profits, after deducting necessary expenses, for any land sold to buyers brought to the dealer directly or indirectly through the other's efforts, does not, as between the parties, create a partnership irrespective of their intention.

2. ACCORD AND SATISFACTION—*accord and satisfaction cannot be based upon a mis-statement of facts.* The cashing of a check sent by a real estate dealer to another person as the latter's share of the profits on sales of land cannot be held to be an accord and satisfaction if such other person, before consenting to accept the check, was deceived by the dealer's mis-statement of facts known only to him.

3. ASSUMPSIT—*when plaintiff is not required to return check.* One who seeks to recover the amount to which he claims to be entitled as his share of the profits of a real estate sale is not required, before bringing a suit in assumpsit, to return a check sent to him by the defendant as in settlement of the claim, and it is sufficient if the amount of the check is credited to the defendant's account.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. S. C. STOUGH, Judge, presiding.

JAMES F. McCORMICK, and BUTTERS, ARMSTRONG & FERGUSON, for appellant:

If money or check is so offered as to amount to a condition that its acceptance will be in satisfaction of the demand, its acceptance by the creditor will constitute satisfaction, although he protests, at the time, that the amount received is not all that is due or that he does not accept it in full satisfaction. *Coal Co.* v. *Parlin & Orendorff Co.* 215 Ill. 244; *Snow* v. *Griesheimer,* 220 id. 106; *Ostrander* v. *Scott,* 161

id. 339; *Lapp* v. *Smith,* 183 id. 179; 1 Cyc. 339; 1 Am. & Eng. Ency. of Law, (2d ed.) 419.

Where the amount due is in dispute the claim is unliquidated. *Ostrander* v. *Scott,* 161 Ill. 339.

Where the amount tendered is accepted, it must in any event be tendered back before there can be a rescission of the accord and satisfaction. *Lapp* v. *Smith,* 183 Ill. 179; *Rigdon* v. *Walcott,* 141 id. 649.

If a contract of settlement has been made, no action on the original contract can be maintained while the contract of settlement is in force. It must be first rescinded. If there was fraud inherent in the execution of the contract of settlement it would be void and could be attacked collaterally, as there would be nothing to rescind. If there is no inherent fraud in the execution of the contract of settlement it will be binding in an action at law. *Coal Co.* v. *Royce,* 184 Ill. 402; *Railway Co.* v. *Lewis,* 109 id. 120; *Railway Co.* v. *Fowler,* 201 id. 152.

One co-partner cannot maintain an action of assumpsit against his co-partner until an accounting is had and a balance struck and a promise to pay is made by the party owing the balance to the other. *Davenport* v. *Gear,* 2 Scam. 495.

To constitute two or more persons co-partners there need be no partnership name. One party may furnish the capital and the other only services. There need be no written agreement, but the same may be a verbal agreement or an agreement may be implied from circumstances. The intention may be implied. *Haug* v. *Haug,* 193 Ill. 645.

HENRY M. KELLY, for appellee:

An agreement between a contractor and a firm in his employ to share the profits and losses of a contract does not, as between the parties, constitute a partnership, when it appears that the agreement was made, not with that intention, but to measure the compensation the party was to receive. *Surety Co.* v. *Brick Co.* 176 Ill. 156.

As between the parties themselves, the intention of the parties in making an agreement as to division of profits will govern on the question of partnership. *Grinton* v. *Strong,* 148 Ill. 587; *Stevens* v. *Faucet,* 24 id. 483; *Bushnell* v. *Ice Machine Co.* 138 id. 67.

The sharing of profits will not constitute a partnership if it is a mode adopted for payment of compensation for services rendered. In order to constitute a sharing of profits an evidence of partnership it must be done as a principal, and not merely as an employee or agent. In other words, the evidence must show each to be a principal, and not that one is an agent to the other. Each must be vested with the same power, right and authority as the other. *Fougner* v. *Bank,* 141 Ill. 128.

As between the parties themselves, a partnership is never created by implication or operation of law, apart from an express or implied intention and agreement to constitute the relation. *Bushnell* v. *Ice Machine Co.* 138 Ill. 67.

A plea of accord and satisfaction will not be sustained by proofs that when an alleged settlement was effected fraud or deceit was practiced upon the other party by filing such plea, nor when mistake has occurred, nor when false representations were made and the party settling believed the same to be true and relied on the same. *Life Ass.* v. *Caine,* 224 Ill. 599.

A party suing need not rescind any contract of settlement theretofore made and return the money received before he may commence an action to recover the amount due him. All that is required is that the debtor should have credit for the sum which he paid in settlement, as he claims. *Hefter* v. *Cahn,* 73 Ill. 296; *Life Ass.* v. *Caine,* 224 id. 599.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action in assumpsit in the circuit court of LaSalle county brought by appellee, against appellant, in relation to the division of the profits of certain real estate

sales. On the trial in that court a judgment for $2000 was rendered, which, on appeal to the Appellate Court for the Second District, was affirmed, and a further appeal has been prosecuted to this court.

Appellant was a resident of Whiteside county, and for a few years previous to this litigation had been engaged in buying and selling farm property in that vicinity. Appellee resided and was widely known in LaSalle county. Appellee's proof tended to show that he was employed by appellant to assist in the sale of land on the agreement that he was to receive one-half of the profits, after deducting necessary expenses, for any land sold to buyers brought to appellant, directly or indirectly, through his efforts. Appellant contended that he had only agreed to pay appellee one dollar per acre for such sales, with perhaps extra pay, at Engel's option, in case of a good trade being made.

Appellant contends that the testimony of appellee proved, if anything, a partnership, and therefore the action should have been brought in equity and not in a court of law. Neither party claimed that there was a partnership in the sale of these lands. A partnership is never created between parties by implication or operation of law, apart from an express or implied intention and agreement to constitute the relation. (*Bushnell* v. *Consolidated Ice Machine Co.* 138 Ill. 67.) Even where the parties agree to enter into a joint enterprise and share in the profits, a partnership, as between themselves, does not necessarily result. The intention of the parties always controls. (*Grinton* v. *Strong,* 148 Ill. 587; *National Surety Co.* v. *Townsend Brick Co.* 176 id. 156.) While a different rule might prevail on this evidence as to the creditors seeking to hold defendants as partners, it is very clear from this record that neither appellant nor appellee intended a partnership. The court was warranted in refusing the instructions as to partnership, which refusal is complained of here by appellant, because there was no proof upon which to base such instructions, and for the

·further reason that they did not take into account the intention of the parties.

The further contention is made that there was a settlement between appellee and appellant, which would bar recovery. The testimony shows that March 30, 1906, a few days before this suit was begun, appellant sent a check to appellee for $423, accompanied by a letter stating that it was in settlement of balance on commissions due Reed on account of land sales made by him. Before cashing this check appellee visited appellant at his home and said he wanted a settlement. Appellant replied, "You got a settlement, didn't you? Didn't I send you a statement?" to which appellee replied, "Did you consider that draft a full settlement with me?" and appellant replied, "Yes; I was figuring it over yesterday and find I sent you more than was coming to you." Appellee then replied, "If that is so, all right," and turned around and went away. This is appellee's testimony. The appellant's testimony on this point agrees in substance. Appellee thereafter cashed the check. It is contended that in so doing he knew it was claimed to be a full settlement and therefore it must be held to be a complete defense to an unliquidated claim. It appears from the record that appellee kept no books of their transactions and did not know at what prices the lands sold were listed or what the expense of sale was, and had no means of learning the details except from appellant, who did possess them. If the jury believed that appellee, before he consented to accept the check in question, was deceived by appellant as to the amount of one-half the profits from the sale of the lands, then the cashing of this check cannot be held to be an accord and satisfaction of the claim. That was a question for the jury. 1 Cyc. 338; *Hefter* v. *Cahn,* 73 Ill. 296.

The cases of *Papke* v. *Hammond Co.* 192 Ill. 631, and *Jackson* v. *Security Life Ins. Co.* 233 id. 161, and similar authorities, to the effect that a release under seal cannot·be impeached except in a court of equity unless fraud has en-

tered into the actual execution of the instrument, are not in point. No release of any kind was signed in this case.

Appellee was not required to return the check before beginning this suit. It is sufficient that the amount of the check was credited to appellant's account. *Farmers and Mechanics Life Ass.* v. *Caine,* 224 Ill. 599; *Pawnee Coal Co.* v. *Royce,* 184 id. 402; *Hefter* v. *Cahn, supra.*

The instructions on accord and satisfaction were properly refused by the trial court, as they did not take into consideration that the alleged settlement was claimed to have been obtained by a misstatement of facts known only to the party relying on such accord and satisfaction.

The contention of appellant that the evidence does not justify the amount of the verdict was a controverted question of fact, which cannot be inquired into by this court on this record. *First Nat. Bank* v. *Miller,* 235 Ill. 135; *Chicago City Railway Co.* v. *Martensen,* 198 id. 511.

We find no reversible error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*