## A. G. Boggiano, Defendant in Error, v. James R. Navigato et al., Plaintiffs in Error.

### Gen. No. 15,315.

MUNICIPAL COURT—*when judgment not reversed.* Harmless errors will not reverse nor will the judgment of the Municipal Court be set aside on appeal if substantial justice has been done.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911.

BERNARD J. BROWN, for plaintiffs in error.

WILLIAM REEDA, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Boggiano sued James R. Navigato et al. in the Munic-

ipal Court of Chicago to recover $67.20, moneys alleged to have been "collected by defendants while defendants were plaintiff's renting agents." The case was tried several times, resulting in several verdicts for plaintiff, upon the last of which judgment was entered, to reverse which, cause was brought to this court upon writ of error.

The plaintiff was the owner of certain property, and employed defendants to collect and turn over to her rents therefrom, in consideration of which they were to receive as compensation 4% of the rents collected.

Among the tenants of the property in question was a Mrs. Drummond, and the controversy between the parties in this suit is really as to whether the defendants did or did not collect all the rent from Mrs. Drummond and turn it over, less their commission, to plaintiff; the defendants having testified to having turned over all the rents (less their commission) that they received, while Mrs. Drummond testified that she had paid to them all her rent, which included the amount sued for, and which they had not turned over to the plaintiff.

The defendants below made statements to the plaintiff, and accompanying the last, transmitted a check for the amount shown to be due, and the defendants claimed that there was written upon the face of the check "In full payment of all demands," and this check was endorsed by the plaintiff, and put through the bank in the usual course, from which defendants claimed an accord and satisfaction.

The questions which we are asked to consider are:

1. Did the court err in admitting improper evidence?

2. Is there a preponderance of evidence to sustain the claim of defendant in error?

3. Does the record disclose an accord and satisfaction which in law is a bar to the action?

As to the first it is claimed, that it was improper to allow Mrs. Drummond to testify that she was in ar-

rears with her rent. If it be conceded that the question was improper, the error was harmless, because she had already testified that she paid her rent each and every month, so that the answer to the other question was unimportant.

Second, we think the evidence sufficient to sustain the verdict.

Third, we do not regard the circumstances shown sufficient to constitute an accord and satisfaction, and, therefore, a bar to the action.

The relation between the parties was more than debtor and creditor. The plaintiff testified that the wording was not on the check when she used it, or if it was, that she did not see it.

In any event, there was no sufficient showing to justify us in sustaining the claim of accord and satisfaction. Three juries have found against plaintiffs in error, and, from the record submitted to us, we find that substantial justice has been done, and the judgment of the Municipal Court will be affirmed.

*Affirmed.*