ROBERT W. KREUTZ, Plaintiff-Appellee, *v.* JOHN JACOBS, Defendant-Appellant.

Third District   No. 74-414

Opinion filed June 11, 1976.

516

STOUDER, J., dissenting.

Michael Heller, of Peoria, for appellant.

Stanley W. Crutcher and Medley A. Tornow, both of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

In this action for a partnership accounting, the trial court sitting without a jury, entered judgment in favor of plaintiff, and defendant appeals, contending that an accord and satisfaction barred plaintiff's claim.

On February 13, 1969, plaintiff and defendant entered into an agreement forming a partnership for the distribution of car wash equipment under the name of "Mr. Scrub" or "Mr. Scrub Car Wash Systems." Defendant also owned another company named Storm Master, and the business operations of both Mr. Scrub and Storm Master were conducted from the same office. At defendant's suggestion, Elaine Crane, who served as office manager for Storm Master, was employed as bookkeeper for Mr. Scrub. Under the partnership arrangement, defendant was responsible for keeping the books and records, and the financial books of Mr. Scrub were kept in defendant's safe at the Storm Master office.

In early May, 1969, plaintiff asked defendant for an accounting, and on

May 9, 1969, plaintiff and defendant decided to dissolve the partnership. Defendant told plaintiff that when his accountant finished with the figures he would let them know, and until that time, defendant had no information. Sometime later, plaintiff asked defendant about the accounting and was told that the accountant was not yet finished.

On June 24, 1969, plaintiff received by mail a Storm Master check from defendant in the amount of $2,107.90 bearing the following endorsement:

> "The endorsement of this check constitutes a full release of all claims for travel expenses and other monies covering the association between John Jacobs and Bob Kreutz from January 1, 1969, to May 9, 1969."

Plaintiff did not endorse the check but he did have it certified at the bank. Then plaintiff went to defendant's office, obtained a copy of the accounting, and told defendant that he was not satisfied with the accounting. Plaintiff claimed that he was not given credit for his share of the profit on sales made by defendant, among other things. According to plaintiff's testimony, defendant stated that plaintiff was not going to receive any more money, as he already had received more than he was entitled to. Plaintiff took the check and accounting to an attorney, and suit was filed on August 14, 1969. Receipt of the check was acknowledged in plaintiff's complaint, but plaintiff tendered a return of the check upon payment of the full amount due plaintiff.

After the trial, the court found that plaintiff was entitled to recover from defendant the sum of $9,043.76 as an accounting of the partnership between the parties, and entered judgment for plaintiff.

■■ On appeal, defendant's sole contention is that plaintiff's certification and retention of the check constituted an accord and satisfaction. In general, an accord and satisfaction is a contractual arrangement whereby a creditor agrees to accept partial payment from the debtor in full satisfaction of an unliquidated claim. The burden is on the party asserting this affirmative defense to show a meeting of the minds with intent to compromise an unliquidated debt over which there exists a bona fide dispute. (*Koretz v. All American Life and Casualty Co.* (1st Dist. 1968), 102 Ill. App. 2d 197, 243 N.E.2d 586; *Cieslak v. Dahlstrom Machine Works, Inc.* (1st Dist. 1974), 19 Ill. App. 3d 995, 312 N.E.2d 654.) Depending on the particular facts and circumstances, the requisite elements may be implied where the creditor cashes or retains the debtor's check if it is clear that the check was tendered in full satisfaction of the disputed claim. *Danks v. Kropp Steel Co.* (2d Dist. 1959), 21 Ill. App. 2d 252, 157 N.E.2d 694.

■■ We believe the controlling factor in this case is the partnership relation between plaintiff and defendant, with the attendant fiduciary obligations which are inherent in a partnership. In *Bakalis v. Bressler*

(1953), 1 Ill. 2d 72, 81, 115 N.E.2d 323, our Supreme Court quoted Justice Cardozo as follows:

> " 'Joint adventurers, like co-partners, owe to one another, while the enterprise continues, the duty of the finest loyalty. Many forms of conduct permissible in a workaday world for those acting at arm's length are forbidden to those bound by the fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the "disintegrating erosion" of particular exceptions. [Citation.] Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court.' "

Although partners may have a private accounting and settlement, even where that settlement appears unequal, such a settlement requires mutual assent and full knowledge of all material facts. *Janci v. Cerny* (1919), 287 Ill. 359, 122 N.E. 507.

■■■ Here, defendant was the managing partner who has assumed control of the books and records. He agreed to prepare an accounting and give plaintiff his share of the profits. In *Einsweiler v. Einsweiler* (1945), 390 Ill. 286, 293, 61 N.E.2d 377, our Supreme Court enunciated the applicable principles:

> "Again, a copartnership having been admitted * * * it necessarily follows that a fiduciary relationship existed between the partners, requiring any partner who assumes control and management of the business and affairs of the business, while so controlling it, to manage it for all, and in the interest of all, the partners. His duty would not, perhaps, be strictly that of a trustee, but would be analogous to it, and he would not be allowed to derive personal advantage from the use of the partnership assets * * *."

In *Rizzo v. Rizzo* (1954), 3 Ill. 2d 291, 305, 120 N.E.2d 546, our Supreme Court stated that where the dominant party gains a benefit from the fiduciary relationship, there is a presumption of fraud or undue influence which that party can overcome only by clear and convincing proof showing that he acted with good faith and honesty in fact, including evidence of a full and fair disclosure of relevant information.

■■ We believe the policy of the law demands the utmost good faith on the part of the debtor partner. Good faith requires of him that he shall make a full and fair statement of his effects, and that no concealment, deception or fraud should be practiced. Under these principles of law, we

find that the facts alleged in plaintiff's complaint are sufficient to raise the presumption of fraud.

■■ Defendant, by virtue of his superior position as managing partner with physical custody of financial records, had full knowledge of relevant facts, and plaintiff did not. At the time defendant sent the check to plaintiff, there had been no full and fair disclosure of relevant information, as plaintiff was still awaiting an accounting of the partnership funds when the check was received. Once the accounting was given to plaintiff he immediately advised defendant that he was not satisfied and suit was filed by plaintiff within six weeks. The evidence established that defendant gained a benefit at plaintiff's expense, and we are not persuaded that the evidence in the record is sufficient to overcome the presumption of fraud.

■■ As we have previously noted, this was not the typical creditor-debtor situation where both parties, dealing with each other at arm's length, are sufficiently apprised of relevant information so that the creditor's act of retaining or cashing the check must be considered an acceptance of the debtor's offer. In the present situation, the trial court could properly find that there was no agreement to compromise. (*Reed v. Engel* (1908), 237 Ill. 628, 86 N.E. 110.) In view of the confidential relationship between the parties, we do not believe that the mere certification of the check constitutes an accord and satisfaction as a matter of law. *Boggiano v. Navigato* (1911), 160 Ill. App. 43.

■■ The retention of the check by plaintiff prior to this suit was not for an unreasonable length of time and all that was required is that defendant should have credit for the sum paid. (*Hefter v. Cahn* (1874), 73 Ill. 296.) Accordingly, we find that the defendant failed to establish the affirmative defense of accord and satisfaction, and we affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

Barry, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I do not agree with the majority for I believe its holding represents a serious inroad on the extent to which partners may rely on settlements made with one another respecting unliquidated claims. The majority opinion permits a partner, after accepting a payment in full satisfaction of all partnership claims, to avoid that settlement without pleading or proving fraud or deception. Although conceding that partners may effect an accord and satisfaction, as other creditors and debtors may do, the majority opinion undermines that principle by holding that no accord and satisfaction occurred here. No hint is given in the majority opinion as to

when partners may enter into an accord and satisfaction. Instead, the majority relies on broad statements of partnership law without applying them to the case at bar. For these reasons I can only conclude that the majority opinion effectively precludes the use of an accord and satisfaction in a partnership context.

I believe that an accord and satisfaction occurred in the instant appeal and operated to bar the plaintiff's claim. An accord and satisfaction may be supported on this record either because of the plaintiff's certification of the defendant's check, or because of the plaintiff's retention of the check for an unreasonable period of time.

As a general rule, it is a complete defense to an action for a partnership accounting that there has been a complete private settlement between the partners. (29 Ill. L.&Pr. *Partnership* §281 (1957).) An accord and satisfaction is a settlement of a former difficulty or dispute which extinguishes the original demand and bars any action or proceeding thereon. 1 Ill. L.&Pr. *Accord & Satisfaction* §§1, 3, 61 (1953).

Under the Uniform Commercial Code, certification of a check operates as an acceptance. When a check is certified at the request of the holder, the drawer is discharged. (Ill. Rev. Stat. 1973, ch. 26, par. 3—411 (1).) If the original obligor is discharged on the instrument (see Ill. Rev. Stat. 1973, ch. 26, par. 3—601(1)(g)), he is also discharged on the original obligation. (Ill. Rev. Stat. 1973, ch. 26, par. 3—802(1)(b).) Since the plaintiff as holder of the check procured certification, the defendant as drawer was discharged. The defendant, having been discharged on the instrument, was also discharged on the obligation. Therefore, the plaintiff's certification of defendant's check constituted an accord and satisfaction so as to bar the plaintiff's claim.

There is yet another theory upon which an accord and satisfaction may be based. Plaintiff's retention of defendant's check for an unreasonable period of time constituted an accord and satisfaction so as to bar his claim.

Around June 24, 1969, plaintiff received by mail a Storm Master check in the amount of $2,107.90. On the back of this check, the following endorsement was included:

> "The endorsement of this check constitutes a full release of all claims for travel expenses and other monies covering the association between John Jacobs and Bob Kreutz from January 1, 1969 to May 9, 1969."

Shortly after receiving this check, plaintiff had it certified at the Jefferson Trust & Savings Bank of Peoria. Plaintiff retained the check for almost a year and did not return it until May 6, 1970, when he filed a reply to defendant's affirmative defense.

Although the majority glosses over this fact, the rule is that retention of

a check for an unreasonable period of time may constitute an acceptance of the conditions of the tender imposed by the debtor. Where the check or draft of a bank or third person is retained by a creditor and not returned with reasonable promptness, although it is not cashed or deposited, the creditor will be deemed in law to have accepted the offer of satisfaction, and an accord and satisfaction is effected. (1 Ill. L.&Pr. *Accord & Satisfaction* §27 (1953).) Compare *Day-Luellwitz Lumber Co. v. Serrell*, 177 Ill. App. 30 (retention of check for 3½ months held unreasonable time as a matter of law), with *Danks v. Kropp Steel Company*, 21 Ill. App. 2d 252, 157 N.E.2d 694 (approximately 2 years held unreasonable).

Even if plaintiff's retention of defendant's check for almost a year be deemed reasonable in the circumstances of this case, at a minimum, the plaintiff's claim would be barred by such retention when he filed the law suit. But, as indicated above, the plaintiff did not return the check until he filed a reply to defendant's affirmative defense. Plaintiff's failure to return the check at the time he filed this law suit, without cashing or depositing it, operates as an accord and satisfaction, since this conduct constitutes an acceptance of the check as payment or settlement of the claim.

The majority opinion relies upon various statements of law relative to the fiduciary obligations of a partner. I do not believe these authorities provide any support for the plaintiff's position, since the record discloses that the plaintiff's claim was based neither on fraud or mistake, nor on breach of a fiduciary obligation. For example, in *Reed v. Engel*, 237 Ill. 628, 86 N.E. 1110, the court held that even though no partnership existed between the parties, if one party was deceived by the other regarding his share of the profits, an accord and satisfaction based on such deception would be set aside. In the instant appeal, the plaintiff's claim was for an accounting, and an examination of the record discloses that no claim of deception or fraud was made.

When the plaintiff certified the defendant's check, the plaintiff's claim was barred by virtue of an accord and satisfaction, and the defendant's obligations as a fiduciary were terminated. The plaintiff failed to challenge the validity of this accord and satisfaction on the basis of fraud or nondisclosure, but instead filed an action for an accounting. The accounting could only apply with respect to those matters occurring while the partnership obligation was still in force. The majority emphasizes defendant's duties as a partner, but fails to place any legal significance upon the plaintiff's certification of defendant's check. I agree defendant was subject to the obligations of a fiduciary, as was the plaintiff, while the partnership agreement existed, but once that relationship terminated no such obligation continued. The weakness in

the majority opinion, I believe, is this failure to distinguish defendant's duties before the certification and after.

Plaintiff's action for an accounting could only be successful if he avoided the effect of the accord and satisfaction. Having failed to do this, that settlement must stand. The fact that the settlement was made on the wrong basis, or that the plaintiff received an amount considerably less than he was entitled to, are not sufficient an amount considerably less than he was entitled to, are not sufficient reasons for disregarding the settlement. See *Janci v. Cerny*, 287 Ill. 359, 122 N.E. 507.

An examination of plaintiff's brief discloses that he relies primarily on the gross disparity between the original accounting provided by the defendant, as represented by the check defendant gave to plaintiff, and the accounting ultimately approved by the court. It is urged that this disparity proves defendant did not act with the highest standards of honor and honesty required of his fiduciary relationship. This argument seems nothing more than mere bootstrap. As in every case for an accounting decided in favor of a plaintiff, an amount may be found due in excess of that initially provided or offered. But, this consequence falls short of establishing fraud.

I believe the plaintiff's actions constituted an accord and satisfaction so as to bar his claim for an accounting either because he certified the check, or because he retained it for an unreasonable period of time. Plaintiff is entitled to the amount of the certified check and no more. I would reverse. I respectfully dissent.